UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Raghavendra Vijayanagar | ) | 3:18-CV-00553 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Jayaraman Krishna | ) | |
| *Defendant*. | ) | April 28, 2020 |

**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS (ECF NO. 79)**

Kari A. Dooley, United States District Judge

Pending before the Court is Plaintiff Raghavendra Vijayanagar's motion for sanctions arising out of *pro se*[1] Defendant Jayaraman Krishna's alleged misrepresentation to the Court and counsel during a telephonic status conference on March 18, 2020. For the following reasons, Plaintiff's motion for sanctions is DENIED.

**Discussion**

"Courts have inherent authority to sanction bad-faith conduct." *Davis v. Saint Luke's-Roosevelt Hosp. Ctr.*, 771 F. App'x 116 (2d Cir. 2019) (summary order) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)). Indeed, "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45–46 (internal quotation marks omitted). "A court may also sanction a litigant pursuant to its inherent authority if there is clear evidence that the litigant's conduct was (1) entirely without color and (2) motivated by improper purposes." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (internal quotation marks and brackets omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their

---

[1] Defendant entered his *pro se* appearance on January 14, 2020. *See* ECF No. 63.

own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. at 43 (internal quotation marks omitted).

Plaintiff also relies upon Local Rule 16(g)(1), which provides, "[t]he Court may impose sanctions directly against counsel and any party who . . . intentionally obstructs the effective and efficient administration of justice." D. CONN. L. CIV. R. 16(g)(1). For example, in *Lee v. Verizon Wireless*, the court, pursuant to its inherent authority and 16(g)(1), sanctioned an attorney for, among other reasons, failing to respond to or communicate with the opposing party to facilitate the progression of the case. No. 3:07-CV-532(AHN), 2007 WL 3232590, at *1–2 (D. Conn. Oct. 31, 2007).

Here, Plaintiff's motion for sanctions is premised upon the *pro se* Defendant's false representation to the Court and Plaintiff's counsel that he does not have an e-mail address at which either the Court or Plaintiff's counsel can contact him. Plaintiff asserts that the Defendant's falsehood was designed to hinder communication and the progress of the litigation and he highlights the Defendant's utter unresponsiveness to counsel's efforts to prepare and file the Court mandated Joint Trial Memorandum.[2] It is now undisputed and conceded by the Defendant that he has an e-mail address and that he has used the e-mail address consistently for purposes of notifications in litigation pending in the Superior Court. Defendant did not respond to the motion for sanctions but during a telephonic status conference denied lying to the Court. He insists that he told the Court that he would be travelling and would not have access to e-mail, not that he did not have e-mail. At the March 18, 2020 telephonic status conference, the following colloquy occurred:

> Mr. Ouellette: I'd like to get a working e-mail for Mr. Krishna. I think the Court doesn't have one, either, Your Honor.

---

[2] The Defendant's failure to engage with counsel resulted in Plaintiff submitting only his portion of the Joint Trial Memorandum.

> The Court: That's correct. That would be very helpful. Mr. Krishna, do you have e-mail?
>
> Mr. Krishna: No, I don't. In fact, I'm going to be leaving the country to a safer location with my mother, who is 86 years old, and I do not have a working e-mail. The phone will be the only way we can communicate . . .

ECF No. 83 at p. 4.

It strains credulity to the breaking point for the Defendant to now claim that he was merely advising the Court that his existing e-mail would soon be rendered inaccessible due to upcoming travel. To the contrary, on March 18, 2020, the Defendant asserted not once, but twice, that on that date he did not have a working e-mail. These statements were not true and the inference the Plaintiff urges, that the Defendant's conduct was motivated by a desire to thwart the progress of this litigation, is not an unreasonable one. But nor is such an inference required.

The Court notes that the Defendant has since provided his e-mail address to Plaintiff's counsel and the Court essentially mitigating any harm that may have been caused by his lack of candor on March 18, 2020. And although the Court does not condone or excuse the Defendant's conduct, neither is the Court willing to infer from the present record any particular motive, nefarious or otherwise, for the Defendant's conduct. The Court therefore declines to sanction the Defendant under the circumstances presented here.

The Motion for Sanctions is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 28th day of April 2020.

                                              */s/ Kari A. Dooley*
                                              KARI A. DOOLEY
                                              UNITED STATES DISTRICT JUDGE