UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAGHAVENDRA VIJAYANAGAR | : | CIVIL ACTION No. |
| | : | |
| Plaintiff, | : | 3:18-CV-00553 (KAD) |
| v. | : | |
| | : | |
| JAYARAMAN KRISHNA, AKA | : | |
| JAYARMAN KRISHNAN, AKA | : | |
| KRISHNA JAYARAMAN, AKA | : | |
| KRISHNAN JAYARAMAN, | : | |
| | : | |
| Defendant. | : | July 6, 2021 |

**PLAINTIFF VIJAYANAGAR'S MOTIONS FOR DEFAULT JUDGMENT PERSUANT
TO RULE 37(B) (2) (A)  (vi). OF CIVIL PROCEDURE**

Plaintiff Vijayanagar moves for entry of a default judgment in his favor and an award of

attorney's fees to plaintiff's counsel, Steven A. Ouellette, because of defendant Krishna's

continuing and complete disregard of court orders in this case by failing to file the required

Pretrial Memorandum. Defendant Krishna has demonstrated a total indifference to any of his

pretrial responsibilities and, as a consequence has intentionally obstructed the administration of

justice.

**I. FACTS**

Since the very beginning of the case, the defendant has engaged in a pattern of avoidance.

His multiple time extension requests to extend his discovery compliance are well documented in

the court Docket Text.  While these types of requests are certainly commonplace, when viewed

in context with the defendant's ongoing conduct throughout the case, the defendant has

demonstrated only contempt total disregard for the process put in place by the court to

effectively and fairly control the discovery of facts and the and presentation of evidence.

**THE DEFENDANT'S DEPOSITION**.

The district court is free to consider the full record in the case in order to select the appropriate sanction. *Integrity Electronics, Inc. v. Garden State Distributors, Inc.* 2012 WL 1041349 *4 (U.S. District Court, E.D. N.Y.), (March 28, 2012.). Attached as Exhibit 1.

During a June 12, 2019 status conference, the issue of the defendant's ongoing avoidance of his deposition was discussed.  Attorney Ari Hoffman, then representing the plaintiff asserted that the scheduling the defendant's deposition had been difficult because the plaintiff had been traveling overseas and was not scheduled to return until sometime in July of 2019.  Thereafter, the plaintiff then filed a deposition notice for the plaintiff for August 28, 2019 and included a document request that the defendant produce his passport.  At the deposition, the plaintiff asserted that he could not find his passport despite having conducted a search for it. Apparently, he must have lost it sometime after his alleged reentry into the United States in July 2019 and then located it at some point following his deposition but before the telephonic court status conference on March 18, 2020. At no time prior to his deposition did the defendant object to the production of his passport.  On the other hand, he didn't produce it at his deposition and has not since.  The plaintiff has every suspicion that the defendant was not traveling internationally in the early summer of 2019 when he was avoiding his deposition and production of his passport would prove that. It is not claimed that Attorney Hoffman had any knowledge of this.  See. Exhibit 4, (deposition notice).


**DEFENDANT'S FAILURE TO FILE A PRETRIAL MEMORANDUM**

The defendant was initially represented by Attorney Ari Hoffman.  On December

20, 2019, Attorney Hoffman filed his motion to withdraw from the case which was ultimately

granted.  On January 14, 2020, defendant Krishna filed his pro-se Appearance. [ECF 63].

In this case, his pro se Appearance was accompanied by a motion for a 90 day

continuance of all pretrial deadlines because he, ' need[ed] additional time to find alternative

counsel and have that counsel become sufficiently prepared to complete the pretrial filings and

try the case."  This motion was filed by defendant without any consultation with the plaintiff's

attorney, the defendant claiming that "the plaintiff's attorney is on vacation, so I do not know

whether he consents or objects to this continuance request." [ECF 39]. This particular

representation is so disingenuous that it is laughable.  The plaintiff's attorney is, and always has

been, available through the telephone number and email address provided to the defendant.  In

any event, during a January 23, 2020, proceedings the court accepted the defendant's pro se

Appearance and granted his motion for a continuance of pretrial responsibilities while at the

same time warning the defendant that, pro se or not, he would be required to adhere to the court's

orders and schedule.  The court then reassigned March 17, 2020 as the date for the completion of

the Joint Trial Memoranda for March 17, 2020. [ECF 48].

With the initial date for submission of the Joint Pre-Trial Memorandum approaching,

plaintiff's counsel sent two letters to the known address of defendant Krishna. Exhibit 2.  The

defendant did not respond to either of these letters or any of the phone calls that plaintiff's

counsel placed to defendant in an effort to gain his cooperation in the drafting of the Joint Pre-

Trial Memorandum.  As a result of the defendant's non-responsiveness, the plaintiff was forced

to file his Trial Memorandum without the defendant's input.  [ECF 73]. As was mentioned in the

report, this was filed unilaterally by the plaintiff as the defendant had utterly ignored his

requirement to contribute to it.

3

The next day, March 18, 2020, and with no Pretrial Memorandum from the defendant, the court held a hearing. During this hearing, the defendant represented to the Court that he had not received or responded to any emails regarding the necessary filing of the Pretrial Memorandum because he did not have a working email. He offered no other reasonable explanation as to why this lack of an email would prevent his returning calls or responding to regular mail. *See.* Exhibit 2. During this conference, the defendant once again diverted the conversation away from his noncompliance by reasserting that he would be obtaining counsel shortly and that he needed his attorney to complete file the Pretrial Memorandum. The court very reasonably granted the defendant even more latitude and issued an order extending his deadline for filing his Trial Memorandum until April 14, 2020. [ECF 75]. To date, and more than a year since this order, there has been no Appearance filed by a substitute attorney for the defendant, no additional motion filed by the defendant for an extension of time to comply with Pretrial Memorandum requirement and no Pretrial Memorandum submitted. With trial now scheduled to start with jury selection in less than sixty days, the plaintiff has not identified a single witness or exhibit that he intends to present at trial and offered no reasonable excuse for his failure to do so. It can only be concluded that the defendant has made the willful and unilateral choice to dismissively ignore the court's rules for his own reasons.

Following the March 18, 2020 hearing, plaintiff's counsel located and identified counsel in a case captioned *American Express National Bank v. Jayrdman Krishna,* then pending in the Stamford Superior Court. Mr. Krishna is self-represented in this case as well. It became clear that the defendant's representation earlier that day to this court that he had no working email to facilitate communication and compliance with the court's orders was false. On that very same day, a series of motion were filed and certified to defendant Krishna in the *American Express*

case. In addition, plaintiff's counsel contacted Attorney Bernadette Michaud, counsel for

American Express, and she advised that they have used the working email provided by Mr.

Krishna for certification throughout the proceedings without any issue as to receipt of those

emails. .

Following the discovery of these facts, the plaintiff filed a motion for sanctions based on

defendant's misrepresentation to the court regarding his contact information. [ECF79].

Specifically, this motion addressed the defendant's misrepresentation to the court and to this

plaintiff during prior hearing regarding his email access.

The defendant did not file a written response to the motions for sanctions.  The court

denied plaintiff's motion for sanctions on April 28, 2020.  [ECF 85].  However, even while

denying the motion for sanctions, the court found defendant's representations about his email

were untrue. At the conference on the motion, the defendant claimed that his representations

about denying the existence of a working email were misunderstood by the court and by

plaintiff's counsel.  The defendant suggested that he only meant to suggest that he was about to

embark on foreign travel and email would not be accessible.  (Apparently, having located his

passport since his deposition.)  Even though the court denied plaintiff's motion for sanctions the

court clearly rejected defendant's far-fetched excuses and stated that the defendant's statements

"strain credulity to the breaking point," and that defendants statements that he did not have a

working email "were not true."  The court's denial of sanctions was based on the court's

unwillingness to assign motive to the defendant's conduct while making it perfectly clear that the

defendant had misrepresented facts to the court.

It is interesting that during this conference the defendant claimed that compliance with

the court's pretrial memorandum and a failure to retain counsel were all directly linked to his

health condition.  During the conference, the defendant reiterated that he would be retaining an

attorney soon and even provided the name of a local firm that he said he was "finalizing" things

with.  That identified firm has never appeared to represent the defendant and neither has any

other attorney.   He also reiterated his claim that ongoing interactions might be difficult because

he was planning on engaging in more international travel.  So, while pronouncing himself fit and

robust enough for international travel, his health condition was somehow impairing his ability to

complete a Pretrial Memorandum which required that he complete an outline provided by the

court largely dedicated to identifying witnesses and evidence that he intended to present and the

basis for objecting to any of the plaintiffs proposed evidence as identified on the Pretrial

Memorandum. All of this was occurring while the plaintiff's counsel was attempting to gain the

cooperation of the defendant so that the Pretrial Memorandum could be completed as a joint

document as the court order required. At some point, even a benefit of the doubt should logically

give way to suspicion.

The plaintiff submits that this history of conduct presents more than a sufficient basis for

entering a default judgment against the defendant.


## II. LAW.

Federal Rule of Civil Procedure 37 (B) (2) (A)  (vi)  provides that a court can grant a

default against a defendant when a party "fails to obey an order or permit discovery." Imposing

sanctions is within the discretion of the district court.  *John B. Hull Inc. v. Waterbury Petroleum*

*Pools, Inc.* 845 F. 2d 1172, 1176 (2d Cir. 1988). Since the text of Rule 37 only requires that the

court's order be "just" the court has wide discretion in imposing sanctions under Rule 37. S.E.

*New England Tel. Co. v. Global NAP's Inc*, 624 F.3d 123, 144 (2d Cir. 2010).

Additionally, local Rule 16 contemplates that the parties will attend "in good faith."
Local Rule 16(d). Moreover, Local Rule 16(g) 1, states:

> " It shall be the duty of counsel and all parties to promote the just, speedy and
> inexpensive determination of every action. The Court may impose sanctions directly
> against counsel and any party who disobeys an order of the Court or intentionally
> obstructs the effective administration of justice."

## III. ARGUMENT

Plaintiff's counsel has been exceedingly patient and respectful of the difficulties that
one might encounter when attempting to litigate as a pro-se. However, irrespective of defendant
Krishna's representations to the court, he has made no effort to comply with the court's orders,
made any motions for time extensions or contacted plaintiff's attorney requesting additional time
for compliance. Defendant Krishna has simply ignored the litigation entirely until and unless he
has been directed to attend a court conference. Then, as stated above he has dismissively excused
his own behavior by either recharacterizing some earlier behavior in a different way or falling
back on his health concerns and/or his inability to secure counsel to represent him as excuses for
non-compliance. *Bambu Sales Inc. v. Ozak Trading Inc.,* 58 F.3d 849 at 583(rejecting purported
illness of client s excuse for non-compliance with discovery orders and affirming default
judgment against them as sanction.).

At the outset of this case, defendant Krishna was represented by Attorney Ari J.
Hoffman. As the matter was approaching significant pretrial deadlines and a pending trial,
Attorney Hoffman filed his motion to withdraw from the case because of "irreconcilable
differences". Defendant Krishna did not object to the court's granting Attorney Hoffman's

withdrawal and entered his pro se Appearance.  In doing so, the defendant willingly accepted the responsibility for complying with the court's orders, including the obligation to truthfully interact with the court.  Starting with his misrepresentation of his e-mail status to the court and plaintiff's counsel and continuing through his total disregard of his pretrial obligations, Mr. Krishna's behavior demonstrates a conscious decision to simply ignore any of his obligations. This defendant's ongoing behavior has already resulted in an interference with proper preparation for trial, most notably by failing to contribute to the Joint Trial Memorandum as ordered by the court.  Absent a logical explanation, defendant Krishna's conduct has constituted, and continues to constitute, an intentional obstruction to the effective administration of justice.

The plaintiff in this case seeks entry of a default under Rule 37(B) (2) (A) (vi) of the Federal Rules of Civil Procedure.  In reviewing such a request, courts have often referenced a set of relevant factors as set forth in *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.* 604 F.3d., 155, 159. (2d Cir. 2012.).  These factors are:

1. Willful misconduct;

2. That lesser sanctions will be ineffective;

3. The length of the non-compliance;

4. That the defendant has been duly warned;

"While these four factors are the only ones specifically listed … the court has wide secretion in imposing sanctions under Rule 37 and these factors are not exclusive. *Local Union No. 49 of the Intern. Ass'n of Bridge v. Car-Win Construction, Inc., et al.* 88 F. Supp. 3d 250, 263 (2019, S. D. N. Y.) (internal quotations and citations omitted.).  Exhibit 3.

## 1. WILLFULNESS

"Discovery orders are meant to be followed." *Local Union, (*quoting *S. New England Tel. CO. v. Global NAP's Realty Inc.* 624 F. 3d 123, 144 (2d Cir. 2010). (internal quotations and citations omitted.) *Id.* Krishna is a sophisticated defendant. His work history includes positions as chief executive officer of corporations and he has held board membership on others. He is fluent in the English language.

Entry of default is appropriate when, as in this case, there has been demonstrated willfulness of the non-compliant party. Id. (citing to *World Wide*, 694 F. 3d at 159 and *Agiwal* v. *Mid Island Mortg. Corp.* 355 F. 3d 298, 302 (2d Cir. 2009).

Defendant Krishna's 'willful non-compliance' can hardly be debated. Just as in *Local No 49,* ..."we, [the court], gave an order and the defendants had the ability to comply , but they purposefully chose not to do so for reasons all their own and without first asking permission from this court. Without resorting to the dictionary, this seems as good a definition of 'willful as any." *Local No. 49*, 88 F. Supp. 3d at 250, 263 (2015).

Here, all of the defendant's continued non-compliance has been decidedly willful. The defendant's disregard extends beyond his total non-compliance with court orders to a complete disregard of the process in any way. There is not a single example of the defendant seeking permission for anything except at court conferences when he has no choice but to answer the direct questions asked by the court. When faced with providing a definitive response, the defendant simply retreats to a position of needing a lawyer or casually requesting more time. The defendant may have been the CEO or a Director of several corporations in the past, but he is not immune from the same rules that apply to all litigants.

"…taken out of context, perhaps any individual incident of misconduct may appear forgivable-especially when framed by some post-hoc excuse that rings of reasonableness. However, [if] parties are allowed to flout their obligations, choosing to make a response until a trial court has lost patience with them, the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of discovery rules… Any other conclusion would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and their litigants are against the wall. S. New England, 624 F.3d at 149 (quoting *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.* 602 F. 2d 1062, 1068 (2d Cir 1979).

The trial of this matter has been rescheduled several times because of the COVID crises. It has also been rescheduled on another occasion based on the defendant's health concerns. However, it is significant to note that even though the defendant could not have anticipated these continuances, he made no efforts whatsoever to comply with the pretrial orders of this court despite the additional opportunity offered by the time delay. Rather, than to take the additional time allowed by these necessary postponements to attempt to somehow cure his earlier failure to file its required Pre-Trial Memorandum, the defendant simply chose to ignore the entire process. Rather than filing this necessary disclosure of witnesses and exhibits as required, and to identify issues it might have with the plaintiff's planned presentation of evidence, the defendant did nothing at all, choosing instead to simply ignore his responsibilities in the completion of the Pretrial Memorandum. The defendant's reasons are his own.  Whatever defendant's reasons might be, his conduct displays an open and willful disregard for his obligations as a litigant and as a pro se party. The defendant has seemingly authorized himself to be someone that can simply

brush off his responsibilities, while ignoring that all other litigants are subject to and required to follow orders as set by the court, not by individual litigants or their legal representatives.

## 2. AVAILABILITY OF OTHER SANCTIONS.

The court could always order lesser sanctions, such as the preclusion of the presentation of any witnesses or evidence at trial. This case is scheduled for trial to commence with jury selection on September 3, 2021. However, district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record. *Golbal NAPS*, 624 F. 3d at 148. (citation omitted.)   A default is in order when "any order other than default would permit the recalcitrant party to benefit from their...obstruction. *Bambu* 48 F. 2d at 853 (citation omitted.). 'Discovery orders are meant to be followed. A party that flouts such orders does so at his own peril... *Bambu* F. 3d at 853 (citation omitted.)

With an assigned trial date less than two months away, the defendant has not identified any of the witnesses and evidence it intends to present. Despite this complete absence of identifying evidence and issues important to its case, the defendant maintained, as recently as the status conference of June 24, 2021 that he had two days of evidence that he expected to present. Apparently, the defendant expects the plaintiff and the court to handle the admissibility of his proposed evidence on the fly during the trial without so much as identifying it in advance so that issues related to the evidence might properly be addressed. The defendant's conduct has also left the plaintiff completely in the dark as to what evidence that the plaintiff has identified in his Pre Trial Memorandum the defendant finds objectionable and why. Allowing this defendant to get 'off the hook' at this stage would cede control of discovery and trial management to the

11

defendant.  Allowing this defendant to simply proceed as he wishes with only nominal concerns

about the consequences of his actions would effectively turn Rule 37 and the Pre-Trial

Memorandum process into the 'paper tiger' the court cautioned against in *Update Art, Inc. v.*

*Modin Publ'g, LTD* 843 F. 2d 67, 70-71 (2d Cir. 1986).

In the words of Supreme Court:

"[T]he most severe in the spectrum  of sanctions provided by statute or rule must be

available to the district court in appropriate cases, not merely to penalize those whose conduct

may be deemed to warrant such a sanction but to deter those who might be tempted to such

conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro Hockey Club*, 427

U.S. 639 at 643, 96 S.CT. 2778, 49 L. ed.2d 747 (1976).

## 3. DURATION OF NON-COMPLIANCE

Durations of time as brief as a few months have been held to weigh in favor of

dispositive motions. *Local Union No. 49*, at 264 [8]. (internal quotations and citations omitted.).

*See,* Exhibit 3.

This case has been pending since April of 2018.  The defendant's disregard for the

process began almost immediately and continues through this date. As stated earlier, the plaintiff

submitted his proposed Pretrial Memorandum to the defendant in a timely manner, and tried on

various occasions, through regular mail and telephone call, to alert the defendant on the

requirement that he participate in finalizing the Pretrial Memorandum per the court's order.  The

defendant chose to ignore both the filing requirement and the repeated efforts by the plaintiff to

gain defendant's cooperation.  Following the defendant's initial failure to comply, the court

offered the defendant another chance to complete his Pretrial Memorandum by extending the

compliance date.  The defendant, once again, chose to ignore this order and has continued to

ignore it without any explanation or justification. This type of 'prolonged and vexatious

obstruction of discovery' is precisely what the court found objectionable and appropriate for the

entry of a dispositive sanction in  *S. New England Tel. Co. v. Global NAP's Realty Inc.* 624 F. 3d

123, 144 (2d Cir. 2010). (quoting *Penthouse Int'l Ltd v. Playboy Enters., Inc.* 663 F. 2d 3761,

388  (2d Cir. 1981).

## 4. HISTORY OF WARNINGS.

A default judgment is appropriate when the non-compliant party has engaged in sustained

and willful intransigence in the face of explicit warnings from the court.. *Local Union No. 49*, at

264 [8]. (internal quotations and citations omitted.). *See,* Exhibit 3. The defendant's default on

his obligations is ongoing. He continues to defy the court's order that he complete a Pretrial

Memorandum and has shown no inclination to take that responsibility. He has made no effort to

prevent the entry of sanctions at any time prior to the filing of this motion, and has simply

blithely proceeded as if the entry of court orders has no real significance to him. He has openly

disregarded his pretrial obligations, seemingly without the slightest concern. He has been

warned repeatedly that his status as a pro se defendant does not release him from any obligations

that might otherwise be assumed by retained counsel. These warnings have had absolutely no

effect on his conduct.

The plaintiff has been prejudiced by the defendant's conduct. This case has been pending

since April of 2018. The defendant has resisted discovery and ignored every effort by the court

and by plaintiff's counsel to gain reasonable cooperation. At the most recent status conference,

the defendant advised the court that he would require two days to present his evidence. Yet, he

has not specified even one item of evidence or identified one witness that he plans to offer.

"In various contexts, courts equate prejudice with undue delay. *Local Union No. 49*, at 264 [8]. (internal quotations and citations omitted.). *See,* Exhibit 3. "Prejudice always accompanies delay" *Id., (citing to Robertson v. Doe*, 2008 WL 2519894,*7 (S.D. N.Y., June 19, 2008.)   The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters that might aid a party in the preparation or presentation of his case. . *Local Union No. 49*, at 269[10]. (internal quotations and citations omitted.). *See,* Exhibit 3.


### CONCLUSION

The plaintiff respectfully requests an entry of a default judgment for all of the reasons provided and that the matter be assigned a date for an evidentiary hearing on the issue of damages.  Since a trial date has already been set, the plaintiff requests that the same jury selection and trial dates be utilized for this evidentiary hearing.

The plaintiff also requests that the court enter sanctions against the defendant in the way of $1,500.00 for reasonable attorney's fees for the necessary filing of this motion.


**THE PLAINTIFF,**
**RAGHAVENDRA VIJAYANAGAR**

__/s/ **ct 26913**

Steven A. Ouellette, Esq.
Federal Bar No. ct 26913
1208 Cromwell Avenue
Rocky Hill, CT 06067
203-376-3230(t)
860-563-1179(f)

A copy of the foregoing has been sent to defendant Krishna via regular mail on July 6, 2021 and emailed as indicated below:

Mr. Jayardaman Krishna
1769 Oenoke Ridge
New Canaan, CT 06840

JKRSNA1@gmail.com